GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
By: TALIA KRAEMER
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2822
Facsimile: (212) 637-2702
Email: talia.kraemer@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> GLENWOOD MANAGEMENT and RON SUSSER, <br><br> Defendants. | 19 Civ. 1596 <br><br> **COMPLAINT** <br><br> **Jury Trial Demanded** |

Plaintiff the United States of America, by its attorney Geoffrey S. Berman, United States Attorney for the Southern District of New York, alleges as follows:

## PRELIMINARY STATEMENT

1. This is a civil action for declaratory relief, injunctive relief, and monetary damages under the Fair Housing Act, as amended, 42 U.S.C. §§ 3601 *et seq.* (the "Act"), brought by the United States of America on behalf of Tatiana Iattcheni and Eduard Gitlin ("Complainants"), to redress discrimination on the basis of disability.

2. As alleged more fully below, defendant Glenwood Management owns and manages rental apartment buildings, including a building located at 1930 Broadway, New York, New York. At all relevant times, defendant Ron Susser was a vice president of Glenwood Management. Defendants Glenwood Management and Ron Susser unlawfully discriminated

against Complainants on the basis of disability when they denied Complainants' request for a reasonable accommodation to a rental policy to allow Complainants to live with an assistance animal and refused to rent an apartment to Complainants.

3. Defendants' conduct violates the Act and should be declared unlawful and enjoined, and appropriate monetary damages should be awarded.

## JURISDICTION, VENUE, AND PARTIES

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. § 3612(o).

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) because the events or omissions giving rise to the United States' claims occurred there, and the property that is the subject of this suit is located there.

## PARTIES AND PROPERTY

6. Plaintiff is the United States of America.

7. The Grand Tier is an apartment building located at 1930 Broadway, New York, New York.

8. Defendant Glenwood Management ("Glenwood") owns and manages various apartment buildings in and around Manhattan, New York, including the Grand Tier. Glenwood has an office located at 1200 Union Turnpike, New Hyde Park, New York.

9. Defendant Ron Susser is a vice president of Glenwood Managment.

10. Complainant Tatiana Iattcheni is an individual with a disability, 42 U.S.C. § 3602(h), and is an "aggrieved person" within the meaning of the Act, 42 U.S.C. § 3602(i).

11. Complainant Eduard Gitlin is Ms. Iattcheni's fiancé and is an "aggrieved person" within the meaning of the Act, 42 U.S.C. § 3602(i).

2

12. The residential units at the Grand Tier are "dwelling[s]," as defined by 42 U.S.C. § 3602(b).

## FACTUAL ALLEGATIONS

13. Ms. Iattcheni has major depressive disorder and panic disorder. Historically, these conditions have impacted Ms. Iattcheni's sleep, appetite, and energy level; have caused her to become overwhelmed by stressful situations; and have caused her to experience panic attacks.

14. Ms. Iattcheni began treatment with Dr. Mariana J. Feygin, a psychiatrist, in 2003. In or around 2014, Dr. Feygin recommended that Ms. Iattcheni obtain an assistance animal.

15. Ms. Iattcheni obtained a dog named Capo as an assistance animal in or around 2014. Capo is of the Cane Corso breed.

16. Capo provides Ms. Iattcheni with a sense of calm and protection. Having Capo with her enables Ms. Iattcheni to feel safe going out in public and to interact with the community. Caring for Capo also motivates Ms. Iattcheni to get out of bed on days when her mood is depressed.

17. In early August 2016, Mr. Gitlin visited the rental office at the Grand Tier to inquire about available apartments, at which time he informed the rental agent that he would be residing with an assistance animal. The rental agent referred Mr. Gitlin to Mr. Susser.

18. On August 9, 2016, Mr. Gitlin emailed Mr. Susser explaining that he was interested in renting an apartment in one of Glenwood's buildings. In his email, Mr. Gitlin notified Mr. Susser that a "Service Dog" would reside in the rental unit that was "probably over the permitted weight limit" for Glenwood buildings. Mr. Gitlin asked Mr. Susser what he would need to do in order to "get the formal confirmation on the dog."

19. In response, Mr. Susser sent Mr. Gitlin a letter dated August 10, 2016, which was titled "Re: Reasonable Accommodation" and asked Mr. Gitlin to complete an application form enclosed with the letter. With the letter, Mr. Susser enclosed three forms: (1) "Application for Reasonable Accommodation"; (2) "Supplement Application for Waiver of 'No Pet' Rider to Lease Based Upon Tenant's Disability"; and (3) "Authorization by Tenant or Occupant to Be Examined by Physician, Psychologist or Other Professional."

20. The "Authorization by Tenant or Occupant to Be Examined by Physician, Psychologist or Other Professional" stated that the form was to "authorize a physician, psychologist or other professional selected by _____ or Glenwood Management Corp. to examine _____ ('Applicant') with respect to his/her disability and related request for a reasonable accommodation."

21. On August 10, 2016, Mr. Gitlin returned two of the three application forms to Mr. Susser; however, he notified Mr. Susser that he had not completed the form authorizing examination by a physician because "it does not fall under the law."

22. In response, on August 11, 2016, Mr. Susser emailed Mr. Gitlin, stating that because of the "alleged disability" of Mr. Gitlin's fiancé, Glenwood would allow Complainants a reasonable accommodation of a dog under 50 pounds. At that time, Capo weighed 120 pounds. Mr. Susser informed Mr. Gitlin that his "dog is enormous," and that "having such a large dog in the hallways may cause negative interactions with other residents." Mr. Susser stated that Glenwood believed it was "not required to make a reasonable accommodation for such a large dog." He ended the email with a sentence that trailed off: "As such we are sorry to say that your request."

4

23. Mr. Gitlin responded to Mr. Susser's email that same day, asserting that he did not believe that "the size of the dog is a variable for disqualification of the Service Animal" and offering to provide Mr. Susser with additional evidence of his fiancé's disability. Mr. Gitlin invited Mr. Susser to contact him by phone or email to "discuss this matter further."

24. On August 15, 2016, Mr. Gitlin emailed Mr. Susser again, because he "didn't get a reply," to inquire as to whether his "Service Dog application will be granted."

25. In a letter dated August 16, 2016, Mr. Susser wrote to Mr. Gitlin in response to Mr. Gitlin's email of August 11, 2016. The letter stated that the "apartment [Mr. Gitlin] applied to rent is in an 'under 15 pound dog' building," but repeated that Glenwood would make a "reasonable accommodation to allow a dog up to 50 lbs." Mr. Susser asserted that the "size and appearance" of Capo "likely would make other residents uncomfortable." He added that Cane Corsos "are known for a strong temperament, with loud snorts and grunts," and that "having such a large dog in a small apartment cannot lead to good results, either for the dog or the apartment." Mr. Susser concluded the letter by stating: "As such, we believe that it would be best if you not pursue your application for an apartment in this building."

26. In light of Mr. Susser's letter denying the requested accommodation, Complainants did not continue to pursue a rental application with Glenwood. As a result, Complainants were delayed in obtaining new housing, which exacerbated Ms. Iattcheni's anxiety. Both Complainants also experienced emotional distress as a result of Mr. Gitlin's interactions with Mr. Susser.

## PROCEDURAL BACKGROUND

27. On October 31, 2016, Complainants filed a complaint with the United States Department of Housing and Urban Development ("HUD") alleging discrimination on the basis of disability.

28. The Secretary of HUD (the "Secretary") investigated the administrative complaint according to the requirements of 42 U.S.C. § 3610(a) and (b).

29. Based on the investigation of the administrative complaint, the Secretary determined that there was reasonable cause to believe that Defendants discriminated against Complainants on the basis of disability.

30. On March 15, 2018, the Secretary issued a Charge of Discrimination pursuant to 42 U.S.C. § 3610(g)(2), charging Defendants with engaging in discriminatory housing practices in violation of the Act.

31. On March 27, 2018, Defendants timely elected to have the charge decided in a federal civil action, pursuant to 42 U.S.C. § 3612(a). Following Defendants' election, the Secretary authorized the Attorney General to file this action on Complainants' behalf, pursuant to 42 U.S.C. § 3612(o)(1).

## CLAIM FOR RELIEF

32. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 31 of this Complaint as if fully set forth in this paragraph.

33. Defendants violated the Fair Housing Act, 42 U.S.C. § 3604(f)(1), by making unavailable or denying a dwelling to Complainants because of disability.

34. Defendants violated the Fair Housing Act, 42 U.S.C. § 3604(f)(2), by discriminating against Complainants in the terms, conditions, and privileges of sale or rental of

a dwelling, or in the provision of services or facilities in connection with such dwelling, because of disability.

35. Defendants violated the Fair Housing Act, 42 U.S.C. § 3604(f)(3)(B), by refusing to make reasonable accommodations in rules, policies, practices, or services when such accommodations may be necessary to afford a person with a disability equal opportunity to use and enjoy a dwelling.

36. Defendants took these actions because of Ms. Iattcheni's disability.

WHEREFORE, Plaintiff the United States requests that the Court enter judgment:

1. Declaring that Defendants' policies, practices and/or conduct as set forth above violate the Fair Housing Act, as amended, 42 U.S.C. §§ 3601 *et seq.*;

2. Enjoining Defendants, their officers, employees, agents, successors, and all other persons in active concert or participation with them, from:

   (a) discriminating in the sale or rental of, or otherwise making unavailable or denying, a dwelling to any buyer or renter because of disability, in violation of 42 U.S.C. § 3604(f)(1);

   (b) discriminating in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such a dwelling, because of disability, in violation of 42 U.S.C. § 3604(f)(2);

   (c) failing or refusing to make reasonable accommodations as required by 42 U.S.C. § 3604(f)(3)(B);

   (d) failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, Complainants to the position they would have been in but for the discriminatory conduct; and

    (e)    failing or refusing to take such affirmative steps as may be necessary to prevent the recurrence of any discriminatory conduct in the future.

3. Awarding monetary damages to Complainants, pursuant to 42 U.S.C. §§ 3612(o)(3) and 3613(c)(1); and

4. Granting such further relief as this Court may deem just and proper.

The United States requests trial by jury.

Dated: New York, New York
       February 20, 2019

                                GEOFFREY S. BERMAN
                                United States Attorney for the
                                Southern District of New York
                                *Attorney for the United States of America*

By:   /s/ Talia Kraemer
        TALIA KRAEMER
        Assistant United States Attorney
        86 Chambers Street, Third Floor
        New York, New York 10007
        Telephone: (212) 637-2822
        Facsimile: (212) 637-2702
        Email: talia.kraemer@usdoj.gov